UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

NORTON HOSPITALS, INC., d/b/a
KOSAIR CHILDREN'S HOSPITAL                                      PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:10-CV-600-S

SAGAMORE HEALTH NETWORK, INC., *et al.*                         DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on the motion of plaintiff Norton Hospitals, Inc., d/b/a Kosair Children's Hospital ("Kosair") to remand this case to state court (DN 14). For the reasons set forth herein, Kosair's motion will be **GRANTED**.

**BACKGROUND**

This case is an action for breach of contract and unjust enrichment by Kosair against defendants Sagamore Health Network, Inc. ("Sagamore"), Preferred Health Plan, Inc. ("PHP"), and MacLellan Integrated Services, Inc. ("MacLellan"). Kosair claims that in 2006, it provided "extensive" health care services to Maggie Robinson, a participant in a MacLellan-provided health benefit plan, Compl. ¶ 16, but that MacLellan did not pay Kosair the full amount it was due pursuant to express and implied agreements between Kosair and MacLellan, Sagamore, and PHP. *Id.* ¶ 24.

Kosair, MacLellan, Sagamore, and PHP have a somewhat complicated relationship. According to Kosair's complaint, Kosair's predecessor in interest entered into a Master Hospital Services Agreement with PHP in July 1990. *Id.* ¶ 10. This Agreement called for Kosair to

provide hospital services to PHP "Plan Sponsors" at a discounted rate.[1] *Id.* The Agreement called for Plan Sponsors to pay Kosair for services rendered in accordance with a compensation schedule set forth in an Addendum to the Agreement *Id.* ¶ 3. *See also* Compl. Ex. A at 4. In October 1997, Kosair's predecessor in interest and PHP executed an Addendum to the Master Hospital Agreement, identifying Sagamore as one of the "Plan Sponsors" covered by the Agreement. Compl. ¶ 13. The Addendum called for Sagamore to receive a 15 percent discount on billed charges for inpatient and outpatient services from Kosair. *Id.* ¶ 14. Kosair claims that Sagamore and PHP also executed a Plan Sponsor Agreement, and that Kosair was an intended third-party beneficiary under this agreement. *Id.* ¶ 15.

Kosair claims that a non-party known as MedBen, which Kosair describes as an "agent" of MacLellan, had executed a PPO Service Agreement with Sagamore in 1993. *Id.* ¶ 21. The PPO Agreement gave MacLellan plan beneficiaries, including Maggie Robinson, access to Sagamore's medical providers, which included Kosair. *Id.* ¶ 22. Kosair claims that MacLellan "fully utilized" the discount provided for in the Master Hospital Services Agreement, but that it did not pay what it owed under the terms of the contract. *Id.* ¶¶ 23–24.

In August 2010, Kosair filed this action in Jefferson County, Kentucky Circuit Court. In September 2010, PHP removed the action to this court, claiming that Kosair's claims actually arose under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Kosair now moves to remand on grounds that its claims do not invoke federal law or

---

[1] A "Plan Sponsor" was defined in the Agreement as "any payor entity . . . any insurance company, health benefits program, employer, or union benefit or pension fund or trust, or any other entity, providing for indemnification of or reimbursement for health care services to covered Members that have contracted with PHP to participate in any Covered Health Plan." Compl. Ex. A at 3. "Covered Health Plan" was defined as "any specific health plan of a Plan Sponsor to which PHP has agreed to provide Hospital Services." *Id.* at 2.

raise a substantial federal question. MacLellan and Sagamore[2] object, arguing that Kosair's claim is completely preempted by ERISA and therefore does present a federal question.

**ANALYSIS**

**I. Kosair's Motion to Remand**

Under the well-pleaded complaint rule, a plaintiff's claim comes within this court's federal question jurisdiction only if federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Eastman v. Marine Mech. Corp.,* 438 F.3d 533, 550 (6th Cir. 2006) (citations omitted). As a general rule, a case may not be removed to federal court from state court solely on the basis of a federal defense, including the defense of preemption. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). However, where a plaintiff's state-law claim is "completely preempted" by federal law, removal from state court is proper. *See Zuniga v. Blue Cross and Blue Shield of Mich.*, 52 F.3d 1395, 1398 (6th Cir. 1995) (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). In the ERISA context, the "complete preemption" exception is limited to state common law or statutory claims equivalent to ERISA civil enforcement actions governed by 29 U.S.C. § 1132(a)(1)(B). *Warner v. Ford Motor Co.*, 46 F.3d 531, 534 (6th Cir. 1995). Thus, the question here is whether Kosair's common-law claims for breach of the Master Hospital Services Agreement and unjust enrichment should be characterized as an ERISA action "by a participant or beneficiary . . . to recover benefits due to him under the terms of the plan, to enforce his rights

---

[2]Per an Agreed Order entered on December 14, 2010, PHP has been dismissed from this action without prejudice. *See* DN 21. Sagamore and MacLellan remain parties to this case, and will be referred to in the remainder of this opinion as "defendants."

under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See id.* (citing 29 U.S.C. § 1132(a)(1)(B)).

This case does not fall within the ambit of § 1132(a)(1)(B). Kosair's claims are not those of a participant or beneficiary to recover benefits due under an ERISA plan. Rather, its claims are those of a contracting party seeking to enforce its rights pursuant to a contract wholly separate from the terms of any ERISA-governed plan. Therefore, Kosair's state-law claims are not completely preempted by ERISA.

The defendants dispute this, arguing first that Kosair holds an assignment of benefit rights from Robinson, which makes Kosair a "beneficiary" of the claim for ERISA purposes. Def.'s Resp. to Mot. to Remand (DN 17) at 6. Relying on *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991), the defendants claim that this alone renders Kosair's claim removable. The defendants' argument on this point is flawed. In *Cromwell*, the Sixth Circuit Court of Appeals held that a health care provider who was explicitly "standing in the shoes" of a plan beneficiary had standing to lodge an ERISA claim for benefits denied under the terms of an ERISA plan. *Id.* at 1277–78. *Cromwell* did not, however, address the situation we face here, where a health care provider asserts a claim against a plan administrator pursuant to a separate contractual obligation. Even if Kosair is an assignee of the beneficiary's right to payment, its right to payment in this case is grounded in the fee schedule in the Master Hospital Services Agreement – not the ERISA plan. *See Riverhills Healthcare v. Aetna U.S. Healthcare*, No. C-1-00-525, 2000 WL 34557567 at *2 (S.D. Ohio 2000) (citing *Blue Cross of California v. Anesthesia Care Assoc. Med. Group, Inc.*, 187 F.3d 1045, 1050–51 (9th Cir. 1999)).

Second, the defendants argue that because the medical treatment for which Kosair was not paid was allegedly not covered by the terms of the MacLellan plan, a determination of Kosair's right to payment will require construction of the plan's terms. Thus, according to the defendants, Kosair's breach of contract action is preempted by ERISA. This argument is also unpersuasive. Although determining whether there was a breach of the Master Hospital Services Agreement may require reference to the terms of the MacLellan plan, this fact does not transform Kosair's breach of contract and unjust enrichment action into an action that could have been brought by a participant or beneficiary under 29 U.S.C. § 1132(a)(1)(B). In fact, the action Kosair brings could not have been brought by a plan participant or beneficiary at all, since Kosair seeks to enforce an agreement to which no participant or beneficiary was a party.

Finally, the defendants' bare assertion that Kosair "is attempting to use state law to either provide an alternative enforcement mechanism or bind the Plan to a particular action and preclude uniform administrative applications of the Plan," Def.'s Resp. to Mot. to Remand at 8, is, for the reasons stated *supra*, unsupported and unconvincing. Kosair's motion to remand will be granted.

## II. Kosair's Request for Costs and Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c), a district court that remands a case may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award costs, fees, and expenses is within the discretion of the trial court. *See Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*,

546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Here, the court is not satisfied that the defendants lacked an objectively reasonable basis for removal. Accordingly, Kosair's motion for costs, fees, and expenses will be denied.

A separate order will issue in accordance with this opinion.